JS-6

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

NÉCOLE KEY, an individual,

Plaintiff,

v.

RODNEY DAVID OLIVER, an individual,

Defendant.

Case No. 8:26-cv-01007-JWH-MAR

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF No. 5]**

Before the Court is the motion of *pro se* Plaintiff Nécole Key to remand this action to Orange County Superior Court.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court **GRANTS** Key's Motion to remand, for the reasons set forth below.

## I. BACKGROUND

Key filed this action in Orange County Superior Court in January 2026.[3] She asserts various claims for relief arising from the alleged breach by Defendant Rodney David Oliver of a co-ownership transfer agreement (the "Agreement"). Key alleges that the Agreement transferred 50% ownership of a song entitled "Everlasting Bass" to her, and she seeks, *inter alia*, to recover "proceeds attributable to her 50% interest"[4] and "an accounting and disgorgement of amounts owed to Key attributable to Key's 50% interest."[5] The Agreement recites that it "shall be governed by and construed in accordance with the laws of the State of California"[6] and that "Oliver shall have the exclusive right to

---

[1] *See* Pl.'s *Ex Parte* Application to Shorten Time for Hearing on Pl.'s Mot. to Remand (the "Motion") [ECF No. 5], which the Court construes as a motion to remand.

[2] The Court considered the documents of record in this action, including the following papers: (1) Notice of Removal [ECF No. 1]; (2) Compl. (the "Complaint") [ECF No. 1-1]; (3) Motion; (4) Def.'s Opp'n to the Motion (the "Opposition") [ECF No. 6]; (5) Pl.'s Notice of Suppl. Authority (the "Supplement") [ECF No. 14]; and (6) Def.'s Objs. to the Supplement [ECF No. 13].

[3] *See generally* Complaint.

[4] *Id.* at 9:13-14.

[5] *Id.* at 11:9-11.

[6] *Id.*, Ex. A.

terminate this Co-Ownership Agreement at any time by providing thirty (30) days' written notice to Necole Key."[7]

On April 16, 2026, Oliver removed this action to this Court, and the next day Key filed the instant Motion.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). When Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. As such, a defendant may remove a civil action in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332.

The right to remove is not absolute, even when original jurisdiction exists. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on

---

[7] *Id.*

removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." (quotation marks omitted)). Any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III. ANALYSIS

Oliver removed this case on the bases of 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Section 1338(a) provides that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights." However, "it is well established that just because a case involves a copyright does not mean that federal subject matter jurisdiction exists." *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (citing *Vestron, Inc. v. Home Box Off., Inc.*, 839 F.2d 1380, 1381 (9th Cir. 1988)). "[A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproductions, or asserts a claim requiring construction of the Act . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *Id.* at 986 (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)). When the ownership of a copyright is the sole issue, the Ninth Circuit has held that federal jurisdiction does not exist. *See id.* at 988 ("[T]he ownership issue is the sole question presented for review. As such, subject matter jurisdiction does not exist."). However, when ownership is merely one

of the issues, and any of the other issues arises under the Copyright Act, the federal court has jurisdiction. *See Vestron*, 839 F.2d at 1382 (finding jurisdiction when the plaintiff alleged both ownership and infringement and sought remedies expressly created by federal copyright law).

Oliver argues that this case falls into the category of cases in which a distinctive policy of the Act requires that federal principles control the disposition of the claim. Oliver asserts that because Key seeks a determination of the validity of Oliver's transfer of the copyrighted song "Everlasting Bass," Key's claims rely on 17 U.S.C. § 204(a), which specifies the requirements for a transfer of copyright ownership. Oliver further contends that Key's requested remedies are expressly provided by the Copyright Act, and, thus, federal principles control the disposition of Key's claims. The Court disagrees.

Here, as in *Scholastic* and *Harms*, "the ownership issue is the sole question presented for review. As such, subject matter jurisdiction does not exist." *Scholastic*, 336 F.3d at 988. Key's claims center on whether she has a contractual right to a 50% ownership interest in "Everlasting Bass." Unlike the plaintiff in *Vestron*, Key does not assert a claim for infringement. *Vestron*, 839 F.2d at 1382. In fact, Oliver expressly concedes that "[o]wnership is the entire dispute."[8]

Oliver's citations to 17 U.S.C. § 204(a) in her Complaint are insufficient to establish federal jurisdiction because the absence of federal question jurisdiction cannot be cured by the defendant's act of raising a defense arising from copyright law. *See Segundo Suenos, LLC v. Jones*, 494 F. App'x 732, 735 (9th Cir. 2012) ("Even though the alleged assignment from [the defendant] to [the plaintiff] must comply with the requirement of a writing pursuant to federal copyright law, *see* 17 U.S.C. § 204(a), the pleading of that defense, even if

---

[8] Opposition 11:5.

pleaded in the complaint as an anticipated defense, cannot subvert the well-pleaded complaint rule and generate federal question jurisdiction."). That is, despite Key's references to 17 U.S.C. § 204(a) in her Complaint, her claims do not arise under the Copyright Act merely because she references the Copyright Act in anticipation of Oliver's defense that he revoked Key's ownership interest in "Everlasting Bass."[9] Furthermore, the fact that an ownership right arises from federal law does not mean that federal law necessarily governs any dispute related to that right. *See Scholastic*, 336 F.3d at 986-87. Finally, Key's requested remedies do not arise under the Copyright Act. Rather, Key's requested remedies arise from her alleged contractual right to a 50% ownership interest in "Everlasting Bass."

Oliver also contends that Key's consent to federal jurisdiction in her appeal of a case pending in the United States District Court for the Southern District of New York, *Key v. Barry White Family Trust*, No. 1:25-cv-03602-DLC (S.D.N.Y. 2025) (the "S.D.N.Y. Case"), demonstrates that federal subject matter jurisdiction exists here. But subject matter jurisdiction cannot be established through consent, nor can it be waived. The Court has a duty to ensure that it possesses subject matter jurisdiction, and it may raise the issue *sua sponte* at any stage of litigation. *See Scholastic*, 336 F.3d 982 at 985. Oliver's argument that Key's Complaint is an improper collateral attack on the court's order in the S.D.N.Y. Case is not presently before this Court. Accordingly, the Court **GRANTS** Key's Motion to remand.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Key's Motion to remand [ECF No. 5] is **GRANTED**.

---

[9] *See, e.g.*, Complaint 7-11 ("Any re-transfer, recission, revocation, waiver, or compromise of Key's ownership interest requires a writing signed by Key under 17 U.S.C. § 204(a).").

2. This action is **REMANDED** to Orange County Superior Court.

3. In view of the remand of this case, Key's other pending motions—for leave to conduct limited discovery [ECF No. 21]; for clarification of scope of claims [ECF No. 24]; and for limited interim relief [ECF No. 29]—are **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: May 26, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE